# EXHIBIT "A"

Case# 2024-09154-21 Docketed at Montgomery County Prothonotary on 08/09/2024 12:14 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| PHILLIP MAHONEY<br><br>vs.<br><br>LOWER MERION SCHOOL DISTRICT | NO. 2024-09154 |

### NOTICE TO DEFEND – CIVIL

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA

19404-0268 (610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2024-09154-21 Docketed at Montgomery County Prothonotary on 08/09/2024 12:14 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM
BY:   Michael T. van der Veen
       ID No. 75616
       Jerry A. Lindheim
       ID No. 53099
       1219 Spruce Street
       Philadelphia, PA 19107
       P: (215) 546-1000
       F: (215) 546-8529                       **ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| **PHILIP MAHONEY**<br>720 Morris Avenue<br>Bryn Mawr, PA 19010,<br><br>              **Plaintiff,**<br>      v.<br><br>**LOWER MERION SCHOOL DISTRICT**<br>301 East Montgomery Avenue<br>Ardmore, PA 19003,<br><br>**HARRITON HIGH SCHOOL**<br>600 North Ithan Avenue<br>Rosemont, PA 19010,<br><br>**SCOTT WEINSTEIN**<br>c/o HARRITON HIGH SCHOOL<br>600 North Ithan Avenue<br>Rosemont, PA 19010,<br><br>**KHALID NABEEN MUMIN**<br>512 Canterbury Lane<br>King of Prussia, PA 19406,<br><br>**DAVID EDWARD MOLOD**<br>140 Canterbury Lane<br>Blue Bell, PA 19422<br><br>**JONATHAN HUDSON MOLOD**<br>140 Canterbury Lane<br>Blue Bell, PA 19422 | **COURT OF COMMON PLEAS**<br>**MONTGOMERY COUNTY**<br><br>**CIVIL ACTION**<br><br>No.   2024-09154 |

Case# 2024-09154-21 Docketed at Montgomery County Prothonotary on 08/09/2024 12:14 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

|  |  |
|---|---|
| JENNIFER MOLOD<br>140 Canterbury Lane<br>Blue Bell, PA 19422,<br><br>GREGORY J. FLYNN, Individually<br>and as p/n/g for Z.F.<br>613 New Gulph Road<br>Bryn Mawr, PA 19010,<br><br>LORRAINE D. FLYNN, Individually<br>and as p/n/g for Z.F.<br>613 New Gulph Road<br>Bryn Mawr, PA 19010<br><br>JOHN DOES AND JANE DOES #1-10<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>LAWYER REFERENCE SERVICE MONTGOMERY BAR ASSOCIATION 100 West Airy Street (REAR) NORRISTOWN, PA 19401<br>(610) 279-9660, EXTENSION 201 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br>LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>LAWYER REFERENCE SERVICE<br>MONTGOMERY BAR ASSOCIATION 100 West Airy Street (REAR) NORRISTOWN, PA 19401<br>(610) 279-9660, EXTENSION 201 |

Case# 2024-09154-21 Docketed at Montgomery County Prothonotary on 08/09/2024 12:14 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM
BY: Michael T. van der Veen
ID No. 75616
Jerry A. Lindheim
ID No. 53099
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529                         **ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| **PHILIP MAHONEY** <br> 720 Morris Avenue <br> Bryn Mawr, PA 19010, <br><br> Plaintiff, <br> v. <br><br> **LOWER MERION SCHOOL DISTRICT** <br> 301 East Montgomery Avenue <br> Ardmore, PA 19003, <br><br> **HARRITON HIGH SCHOOL** <br> 600 North Ithan Avenue <br> Rosemont, PA 19010, <br><br> **SCOTT WEINSTEIN** <br> c/o HARRITON HIGH SCHOOL <br> 600 North Ithan Avenue <br> Rosemont, PA 19010, <br><br> **KHALID NABEEN MUMIN** <br> 512 Canterbury Lane <br> King of Prussia, PA 19406, <br><br> **DAVID EDWARD MOLOD** <br> 140 Canterbury Lane <br> Blue Bell, PA 19422 <br><br> **JONATHAN HUDSON MOLOD** <br> 140 Canterbury Lane <br> Blue Bell, PA 19422 | COURT OF COMMON PLEAS <br> MONTGOMERY COUNTY <br><br> CIVIL ACTION <br><br> No. 2024-09154 |

3

Case# 2024-09154-21 Docketed at Montgomery County Prothonotary on 08/09/2024 12:14 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

|  |  |
|---|---|
| JENNIFER MOLOD<br>140 Canterbury Lane<br>Blue Bell, PA 19422,<br><br>GREGORY J. FLYNN, Individually<br>and as p/n/g for Z.F.<br>613 New Gulph Road<br>Bryn Mawr, PA 19010,<br><br>LORRAINE D. FLYNN, Individually<br>and as p/n/g for Z.F.<br>613 New Gulph Road<br>Bryn Mawr, PA 19010<br><br>JOHN DOES AND JANE DOES #1-10<br><br>                    **Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION COMPLAINT

1. Plaintiff, **PHILIP MAHONEY**, is an adult individual who, at all times relevant hereto, resides at the above-stated address.

2. Defendant, **LOWER MERION SCHOOL DISTRICT** (hereinafter referred to as "Lower Merion"), is believed and, therefore, averred to be a corporation, partnership and/or other business, organized and existing under the laws of the State of Pennsylvania, which regularly conducts and transacts business in the county of Montgomery, Pennsylvania, specifically at 812 Huntingdon Pike, Rockledge, PA 19046.

3. Defendant, **HARRITON HIGH SCHOOL** (hereinafter referred to as "Harriton"), is believed and, therefore, averred to be a corporation, partnership and/or other business, organized and existing under the laws of the State of Pennsylvania, which regularly conducts and transacts

4

business in the county of Montgomery, Pennsylvania, specifically at 812 Huntingdon Pike, Rockledge, PA 19046.

4. Defendant, **SCOTT WEINSTEIN c/o HARRITON HIGH SCHOOL** (hereinafter referred to as "Weinstein"), is an adult individual, believed to be acting in his individual and/or official capacity, under color of state law, and as principal of Defendant Harriton High School and, as such was responsible for the implementation, administration, operations and oversight of policies and procedures and practices at Harriton High School that were in force and effect on May 18, 2022.

5. Defendant, **KHALID NABEEN MUMIN** (hereinafter referred to as "Mumin"), is an adult individual, believed to be acting in his individual and/or official capacity, under color of state law, and as superintendent of Defendants Lower Merion School District and Harriton High School and, as such was responsible for the implementation, administration, operations and oversight of policies and procedures and practices at Harriton High School that were in force and effect on May 18, 2022.

6. Defendant, **DAVID EDWARD MOLOD** is an adult individual who resides at the above-stated address.

7. Defendant, **JONATHAN HUDSON MOLOD** is an adult individual who resides at the above-stated address.

8. Defendant, **JENNIFER MOLOD** is an adult individual who resides at the above-stated address.

9. Defendant, **GREGORY J. FLYNN**, Individually and as p/n/g for **Z.F**, a minor, is an adult individual who resides at the above-stated address.

10. Defendant, **LORRAINE D. FLYNN**, Individually and as p/n/g for **Z.F**, a minor, is

5

an adult individual who resides at the above-stated address.

11. At all times relevant herein, Defendants **LOWER MERION** operated as a first-class township within the Commonwealth of Pennsylvania, and at all times relevant, owned, managed, leased, controlled, maintained, or was otherwise responsible for the security of students with its school premises, and upon all times relevant hereto had the responsibility of adopting policies, implementing procedures and practices, which would create an environment whereby students would be safe from abuse and attacks from other students.

12. Upon information and belief, at all times relevant herein, Defendant **HARRITON** was operated by Defendant **LOWER MERION** by and through its administrators, including Defendants **WEINSTEIN** and **MUMIN** and includes a school that is and was to provide a secured and safe environment for its students, including the Plaintiff herein.

13. Upon information and belief, **WEINSTEIN** and **MUMIN**, were principal and superintendent, respectively, at the time that the Plaintiff was injured and were responsible for the implementation, administration, operations and oversight of the policies and practices at Harriton that were in force and effect on May 18, 2022, at which time they were acting under the color of state law.

14. Upon information and belief, Defendants **JOHN AND JANE DOES #1-10** were or are employees of Defendants **LOWER MERION** and **HARRITON,** their precise identities are unknown, and they are believed to have acted under the color of state law.

15. At all times material hereto, Defendants **LOWER MERION, HARRITON, WEINSTEIN** and **MUMIN** collectively acted, or failed to act by and through their agents, servants,

6

workmen and/or employes who were then and there acting within the scope of their authority and course of their employment.

16.　On and before May 18, 2022, Defendants, **LOWER MERION, HARRITON, WEINSTEIN, MUMIN** and **JOHN AND JANE DOES #1-10** orchestrated, condoned, authorized, ratified and/or otherwise allowed a nationally recognized polarizing walkout event associated with the divisive issue in this country associated with pro-choice versus pro-life known as and/or referred to as "**MAY 18-NATIONWIDE WALKOUT FOR ROE**" to be and was held at the Harriton High School Football Field.

17.　Despite what the Defendants **LOWER MERION, HARRITON, WEINSTEIN, MUMIN** and **JOHN AND JANE DOES #1-10** knew was to spark, elicit, foster, evoke and/or otherwise create a volatile, hostile and polarizing event and environment, Defendants **LOWER MERION, HARRITON, WEINSTEIN, MUMIN** and **JOHN AND JANE DOES #1-10** deliberately created, formulated and implemented policies and procedures which withheld and/or failed to provide security and/or safety measures in and about Harriton to safeguard those, including Plaintiff herein, who chose not to participate and attend the walkout, thus needlessly and recklessly endangering the health, welfare and safety of non-participants of the walkout, including Plaintiff herein.

18.　It is believed and, therefore, averred that Defendants **LOWER MERION, HARRITON, WEINSTEIN, MUMIN** and **JOHN AND JANE DOES #1-10** knew that many students at Harriton would not be attending the walkout, yet deliberately ignored the foreseeable and inherent risk of retaliation, provocation and/or hostile reaction to such non-participants of the

walkout, including Plaintiff herein, who would be confronted by students/participants of the walkout.

19. On May 18, 2022, Plaintiff Philip Mahoney was negligently and carelessly confronted and assaulted while at Harriton during the walkout by other Harriton students, specifically by Defendants **DAVID MOLOD** and **Z.F.**, who were not properly and adequately supervised, educated, disciplined and/or monitored by Defendants **LOWER MERION, HARRITON, WEINSTEIN, MUMIN, JONATHAN HUDSON, JENNIFER MOLOD, GREGORY J. FLYNN, LORRAINE D. FLYNN** and **JOHN AND JANE DOES #1-10,** sustaining injuries and losses as more fully hereinafter set forth at length.

20. Despite knowledge that the walkout would elicit emotional reactions and responses by students at Harriton because of the polarizing nature of the issues associated with the walkout, specifically a woman's right to choose versus the pro-life proponents, Defendants **LOWER MERION, HARRITON, WEINSTEIN, MUMIN** and **JOHN AND JANE DOES #1-10** created, condoned, ratified and/or authorized policies and procedures that allowed repeated and unmonitored, senseless and unfettered access by its students throughout the school at a time and place when it was known and foreseeable that emotional reactions/responses to those who did not agree with or want to participate in the walkout, including Plaintiff herein, would occur.

21. It is believed and, therefore, averred that Defendants, **LOWER MERION, HARRITON, WEINSTEIN, MUMIN** and **JOHN AND JANE DOES #1-10** by and through their agents, servants, workers, employees and/or other representatives implicitly if not explicitly created and allowed an environment where it was forceable that the known attacks or otherwise assaults

8

would and did occur, as herein, all of which was reckless and without due regard for the health, safety and well-being of its student population, including to Plaintiff herein.

22. At all times relevant hereto, Defendants **LOWER MERION, HARRITON, WEINSTEIN, MUMIN** and **JOHN** and **JANE DOES #1-10** were aware of, and recklessly and deliberately indifferent to the need for additional and/or different training, testing, rules, regulations, policies, procedures, guidelines, directives, monitoring, and investigation relating to its student body for and during the walkout, students who were susceptible to confrontations and/or assaults, including but not limited to Plaintiff.

23. The confrontation and/or assault upon the Plaintiff Philip Mahoney was a result of the recklessness and deliberate indifference of the Defendants **LOWER MERION, HARRITON, WEINSTEIN, MUMIN** and **JOHN AND JANE DOES #1-10** named herein.

24. Further, the confrontation and/or assault upon the Plaintiff Philip Mahoney was a result of the negligent and careless actions, supervision, monitoring, education of and by the Defendants **DAVID EDWARD MOLOD, JONATHAN HUDSON, JENNIFER MOLOD, GREGORY J. FLYNN, LORRAINE D. FLYNN** and **Z.F.**

25. As a direct result of the aforesaid conduct of the Defendants as set forth above and herein, Plaintiff Phillip Mahoney suffered severe orthopedic, neurologic, and dental injuries.

26. As a direct and proximate result of the Defendants conduct as described at length above and herein, Plaintiff Philip Mahoney was severely and irreparably injured.

27. As a direct and proximate result of the conduct of the Defendants as described at length above and herein, and the injuries of suffered by the Plaintiff Philip Mahoney, he was compelled to seek medical/dental attention and was compelled to expend sums of money.

28. The conduct of the Defendants **LOWER MERION, HARRITON, WEINSTEIN, MUMIN** and **JOHN AND JANE DOES #1-10** as set forth above, acting under color of state law, was and did intentionally cause harm to the Plaintiff Philip Mahoney and was recklessly and deliberately indifferent to the safety, bodily integrity, well-being, privacy, and liberty of Philip Mahoney, and was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to members of the student body, and in particular to the Plaintiff Philip Mahoney and was so egregious as to shock the conscience.

29. The conduct of the Defendants **LOWER MERION, HARRITON, WEINSTEIN, MUMIN** and **JOHN AND JANE DOES #1-10** as set forth above violated the constitutional rights of Plaintiff Philip Mahoney to be free from cruel and unusual punishment, rights to privacy, and to substantial and procedural due process, as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C. § 1983.

30. As a direct and proximate result of the violations of the civil rights, Plaintiff Philip Mahoney was caused to suffer grievous physical injuries as set forth above and herein.

31. The Defendants **LOWER MERION, HARRITON, WEINSTEIN, MUMIN** and **JOHN AND JANE DOES #1-10** failed to exercise reasonable and proper care regarding the safety at Harriton all to the great harm and detriment of Plaintiff, Philip Mahoney herein.

32. It is believed and, therefore, averred that Defendants **JONATHAN HUDSON, JENNIFER MOLOD, GREGORY J. FLYNN, LORRAINE D. FLYNN** each knew of their sons violent and reactionary tendencies and actions prior to May 18, 2022, that was acted upon other students and/or individuals, yet they ignored and/or refused to address in their parenting of their children, needlessly exposing other students at Harriton, including Plaintiff Philip Mahoney.

33. It is further believed and, therefore, averred that Defendants **JONATHAN HUDSON, JENNIFER MOLOD, GREGORY J. FLYNN, LORRAINE D. FLYNN** knew each of their sons, Defendants **DAVID EDWARD MOLOD** and **Z.F.** had prior issues, aggression and/or hostility toward the Plaintiff Philip Mahoney because of his overtly stated political views at school including through the Harriton Banner school newspaper, the very substance and basis upon which their sons disagreed with the Plaintiff Philip Mahoney and would be participating in the school walkout.

34. As a direct and proximate result of the negligence and carelessness of the Defendants, **DAVID EDWARD MOLOD, JONATHAN HUDSON, JENNIFER MOLOD, GREGORY J. FLYNN, LORRAINE D. FLYNN** and **Z.F.** in failing to act in a reasonable and proper manner with regard to the confrontation, failure in restraint, the assault, the actions and/or inactions in failing to properly and adequately supervise, monitor, educate and/or discipline by the Defendants **JONATHAN HUDSON, JENNIFER MOLOD, GREGORY J. FLYNN, LORRAINE D. FLYNN** of their children, Defendants **DAVID EDWARD MOLOD** and **Z.F.**, Plaintiff Philip Mahoney was caused to suffer grievous physical injuries, as set forth above and herein.

35. It is believed, and therefore, averred, that the Defendants, **DAVID EDWARD MOLOD** and **Z.F.**, negligently, carelessly and/or recklessly engaged in conduct that was caused and/or contributed by the Defendants, **JONATHAN HUDSON, JENNIFER MOLOD, GREGORY J. FLYNN, LORRAINE D. FLYNN** in failing to adequately supervise, monitor, educate and/or discipline their children, Defendants **DAVID EDWARD MOLOD** and **Z.F.**

11

36. It is believed, and therefore, averred that on May 18, 2022, the Defendants, **DAVID EDWARD MOLOD** and **Z.F.** negligently, carelessly and/or recklessly confronted the Plaintiff Philip Mahoney and engaged in a physical altercation and unreasonable risk of harm to third persons, including Plaintiff Philip Mahoney that was and/or should have been known to be foreseeable and/or preventable by the Defendants, **JONATHAN HUDSON, JENNIFER MOLOD, GREGORY J. FLYNN, LORRAINE D. FLYNN** by simply educating, supervising, monitoring and/or disciplining their children, Defendants **EDWARD MOLOD** and **Z.F.** knowing that they would be attending school where it was known and foreseeable that their children would be participants in the walkout and likely to confront individual students, including Plaintiff Philip Mahoney, who shared different political and/or other opinions that were polarizing and emotionally charged.

## COUNT I

### CIVIL RIGHTS

**PHILIP MAHONEY**
v.
**LOWER MERION SCHOOL DISTRICT, HARRITON HIGH SCHOOL, SCOTT WEINSTEIN c/o HARRITON HIGH SCHOOL, KHALID NABEEN MUMIN AND JOHN DOES AND JANE DOES #1-10**

1. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth hereinafter at length.

2. The conduct of the Defendants **LOWER MERION, HARRITON, WEINSTEIN, MUMIN** and **JOHN DOES AND JANE DOES #1-10,** as set forth above, acting under color of state law, was intended to harm Plaintiff Philip Mahoney, and was recklessly and deliberately indifferent to the safety, bodily integrity, well-being, privacy, and liberty of Plaintiff Philip

12

Mahoney, and was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to members of the public school, specifically the students at Harriton, including Plaintiff Philip Mahoney, and was so egregious as to shock the conscience.

3. The conduct of the Defendants **LOWER MERION, HARRITON, WEINSTEIN, MUMIN,** and **JOHN DOES AND JANE DOES #1-10,** as set forth above violated the constitutional rights of the Plaintiff Philip Mahoney to be free from cruel and unusual punishment, rights to privacy, and to substantial and procedural due process, as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C. § 1983.

4. As a direct and proximate result of the violations of civil rights of Plaintiff Philip Mahoney, as hereinabove set forth, he was caused to suffer grievous physical injuries as set forth above and herein.

**WHEREFORE,** Plaintiff, Philip Mahoney, demands judgment in his favor and against the Defendants, **LOWER MERION SCHOOL DISTRICT, HARRITON HIGH SCHOOL, SCOTT WEINSTEIN c/o HARRITON HIGH SCHOOL, KHALID NABEEN MUMIN,** and **JOHN DOES AND JANE DOES #1-10**, for compensatory and punitive damages, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with such other and further relief this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

<u>**COUNT II**</u>

**PHILIP MAHOGANY**
**v.**
**DAVID EDWARD MOLOD , JONATHAN HUDSON, JENNIFER MOLOD, GREGORY**

### J. FLYNN, p/n/g for Z.F. and LORRAINE D. FLYNN p/n/g for Z.F.

1. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth hereinafter at length.

2. The Defendants, **DAVID EDWARD MOLOD, JONATHAN HUDSON, JENNIFER MOLOD, GREGORY J. FLYNN, p/n/g for Z.F.** and **LORRAINE D. FLYNN p/n/g for Z.F.** were negligent, careless and reckless generally and in the following manners:

   a. being negligent, careless and/or wantonly reckless in confronting, engaging and/or assaulting the Plaintiff Philip Mahoney;

   b. Failing to exercise caution and restraint in the face of a known environment of emotionally charged events;

   c. Failing to properly educate, supervise, monitor and/or discipline their children, Defendants **EDWARD MOLOD** and **Z.F.** with regard to the known violent and improper behavior and restraint while at school and other similar situations;

   d. Allowing, condoning, authorizing and/or otherwise permitting confrontations and/or assault to occur at school and other similar situations;

   e. Knowingly participating and/or allowing participation in the walkout by their minor children when it was known if not should have been known that such attendance would likely spark or trigger emotional reactions by and among the student body, especially against those who shared different views, beliefs, opinions and/or feelings than those participating in the walkout, including Plaintiff Philip Mahoney;

14

  f. being otherwise negligent, careless and wantonly reckless with respect to Plaintiff, Philip Mahoney;

  g. engaging in conduct that gave rise to an unreasonable risk of harm to others, including Plaintiff, Philip Mahoney;

  h. Failing to properly supervise; and

  i. contributing to the risk of dangerous conduct by third persons to others, including Plaintiff, Philip Mahoney.

  3. By reason of the aforesaid negligence, carelessness and recklessness of the Defendants, **DAVID EDWARD MOLOD, JONATHAN HUDSON, JENNIFER MOLOD, GREGORY J. FLYNN, p/n/g for Z.F. and LORRAINE D. FLYNN p/n/g for Z.F.** as hereinbefore alleged, the Plaintiff, Philip Mahoney has suffered severe and debilitating injuries, all or some of which injuries may be permanent in nature.

  4. By reason of the aforesaid negligence, carelessness and recklessness of the Defendants, **DAVID EDWARD MOLOD, JONATHAN HUDSON, JENNIFER MOLOD, GREGORY J. FLYNN, p/n/g for Z.F. and LORRAINE D. FLYNN p/n/g for Z.F.**, as hereinbefore alleged, the Plaintiff, Philip Mahoney, suffered and may hereinafter suffer aches, pains, mental anxiety, anguish, humiliation, disfigurement, loss of enjoyment of life, together with other injuries, the full extent of which is not yet known.  Plaintiff, Philip Mahoney, has in the past and may in the future undergo severe pain and suffering, as the result of which he has been in the past and may in the future be unable to attend his usual duties and/or avocations, all to his great loss and detriment.

5. By reason of the aforesaid negligence, carelessness and recklessness of the Defendants, **DAVID EDWARD MOLOD, JONATHAN HUDSON, JENNIFER MOLOD, GREGORY J. FLYNN, p/n/g for Z.F. and LORRAINE D. FLYNN p/n/g for Z.F.**, as hereinbefore alleged, the Plaintiff, Philip Mahoney, has in the past and may in the future be obligated to receive and undergo medical attention and care and expend various sums of money.

6. By reason of the aforesaid negligence, carelessness and recklessness of the Defendants, **DAVID EDWARD MOLOD, JONATHAN HUDSON, JENNIFER MOLOD, GREGORY J. FLYNN, p/n/g for Z.F. and LORRAINE D. FLYNN p/n/g for Z.F.**, Plaintiff Philip Mahoney has in the past and may in the future other and further pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff, Philip Mahoney, demands judgment in his favor and against the Defendants, **DAVID EDWARD MOLOD, JONATHAN HUDSON, JENNIFER MOLOD, GREGORY J. FLYNN, p/n/g for Z.F. and LORRAINE D. FLYNN p/n/g for Z.F.**, for compensatory and punitive damages, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with such other and further relief this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM

BY: _____
Michael T. van der Veen, Esquire
Jerry A. Lindheim, Esquire
Attorneys for Plaintiff

Dated: 8-9-24

## VERIFICATION

I, Jerry A. Lindheim, Esquire, hereby state that I am the attorney for the Plaintiff herein and that as such he is authorized to take this verification on behalf of the Plaintiff and that the facts set forth in the foregoing pleading are based on information supplied by the Plaintiff and that same are true and correct to the best of his knowledge, information and belief.

I understand that false statements herein are subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM

BY: _____
Michael T. van der Veen, Esquire
Jerry A. Lindheim, Esquire
Attorneys for Plaintiff

Dated: 8-7-24

17

Case# 2024-09154-21 Docketed at Montgomery County Prothonotary on 08/09/2024 12:14 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2024-09154-21 Docketed at Montgomery County Prothonotary on 08/09/2024 12:14 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# VERIFICATION

I, __Philip Mahoney__, verify that I am the Plaintiff herein and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I further understand that this statement is subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Signed: _/s/ Philip Mahoney_    Dated: August 9, 2024