IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP MAHONEY | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  24-4576 |
| | : | |
| LOWER MERION SCHOOL DISTRICT, HARRITON HIGH SCHOOL, SCOTT WEINSTEIN, KHALID NABEEN MUMIN, DAVID EDWARD MOLOD, JONATHAN HUDSON MOLOD, JENNIFER MOLOD, GREGORY J. FLYNN, LORRAINE D. FLYNN, JOHN AND JANES DOES #1-10 | : : : : : : : : : | |

**MEMORANDUM**

**MURPHY, J.**                                                                                              **April 15, 2025**

According to the complaint in this case, a student at Harriton High School, Philip Mahoney, was assaulted by fellow students during the school day because he did not participate in a protest.  He sued those he believed responsible, including the high school, the school district, and two district officers, for violating his constitutional rights.  He contends that these defendants knowingly endorsed the divisive protest and failed to protect him from harm.

These four school-district defendants move to dismiss the claims against them, which are the only federal claims in this case.  Because we find that Mr. Mahoney's factual allegations are inadequate to establish a legal basis for relief against these four defendants, we grant the motion, dismiss all federal claims, and remand the state law claims.

I.  **Factual Background**

On May 18, 2022, some students at Harriton High School participated in a "Nationwide Walkout for Roe."  DI 11 ¶ 16.  Mr. Mahoney, a student there, opted not to attend.  *Id.* ¶ 17.  Mr. Mahoney describes the event as "a nationally recognized polarizing walkout event associated

with the divisive issue in this country associated with pro-choice versus pro-life," *id.* ¶ 16, that was known "to spark, elicit, foster, evoke and/or otherwise create a volatile, hostile[,] and polarizing event and environment," *id.* ¶ 17. During the event, Mr. Mahoney was apparently assaulted by two students — defendants David Molod and Z.F., *id.* ¶ 19 — which resulted in "severe orthopedic, neurologic, and dental injuries" for Mr. Mahoney, *id.* ¶ 25.

Mr. Mahoney filed a complaint on August 9, 2024 in the Court of Common Pleas of Montgomery County against Mr. Molod; Mr. Molod's parents; the parents of student Z.F.; Harriton High School; its principal Scott Weinstein; Lower Merion School District; and its superintendent Khalid Nabeen Mumin. DI 1-3. On August 29, 2024, Harriton High School, Lower Merion School District, Mr. Weinstein, and Mr. Mumin removed the case to federal court. DI 1 at 1-4. Soon after, the same defendants moved to dismiss the claims against them. DI 3. The parents of Z.F. also filed a motion to dismiss. DI 7. On September 27, 2024, Mr. Mahoney filed an amended complaint, DI 11, so we denied the two motions to dismiss as moot, DI 13. The amended complaint alleges violations of federal law by Harriton High School, Lower Merion School District, Mr. Weinstein, and Mr. Mumin, and alleges violations of state law by all other defendants. DI 11 at 11-19.[1]

On October 11, 2024, Harriton High School, Lower Merion School District, Mr. Weinstein, and Mr. Mumin again moved to dismiss. DI 14. On the same day, the parents of Z.F. moved to dismiss, DI 15, followed by the parents of Mr. Molod on October 14, 2024, DI 16. Mr. Molod answered the complaint on October 28, 2024. DI 20. This opinion addresses the motion

---

[1] We have original jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 USC §1367(a) because all claims "are so related . . . that they form part of the same case or controversy."

2

to dismiss filed by Harriton High School, Lower Merion School District, Mr. Weinstein, and Mr. Mumin ("moving defendants").

**II.     Analysis**

"To survive a Rule 12(b)(6) motion, a complaint must set forth enough factual allegations to 'state a claim to relief that is plausible on its face.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  We must accept a plaintiff's factual allegations as true and view the facts in the light most favorable to them.  *Id*.  But conclusory allegations are not entitled to the same presumption of truth.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789-790 (3d Cir. 2016).  And "[f]ormulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A § 1983 claim requires a plaintiff to "allege the violation of a right secured by the Constitution and laws of the United States" and to "show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not create standalone substantive rights, but instead serves as a mechanism for addressing violations of federal law committed by individuals acting under state authority. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

A generous interpretation of Mr. Mahoney's complaint suggests that moving defendants violated his rights to procedural due process and substantive due process under the Fourteenth Amendment, as well as other rights under the Fourth, Fifth, and Eighth Amendments.  DI 11 at 11.  Moving defendants point out that claims under the Fourth, Fifth, and Eighth Amendments are inapplicable to this case.  DI 14 at 5.  Mr. Mahoney does not dispute this in his opposition, DI

3

19 at 6-13, and we agree with moving defendants' reasoning.[2]  Accordingly, Mr. Mahoney's claims against moving defendants related to violations of the Fourth, Fifth, and Eighth Amendments are dismissed with prejudice.

That leaves the Fourteenth Amendment claims.  Mr. Mahoney first alleges violations of his right to procedural due process under the Fourteenth Amendment.  A procedural due process claim under § 1983 requires (1) a deprivation of "an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property," and (2) that "the procedures available to [the plaintiff] did not provide due process of law."  *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quotations omitted).  Moving defendants argue that Mr. Mahoney failed to demonstrate "that the procedures provided by the [d]efendants were constitutionally inadequate."  DI 14 at 10.  In response, Mr. Mahoney states only that there is "a liberty interest in . . . personal bodily integrity protected by the Fourteenth Amendment."  DI 19 at 6.  Mr. Mahoney does not address his lack of allegations establishing any purportedly deficient procedures.  And a close review of the complaint reveals there are no such allegations.  DI 11 at 3-12.  Therefore, Mr. Mahoney's claims related to procedural due process are dismissed.

Mr. Mahoney's final claim against moving defendants is for alleged violations of his right to substantive due process under the Fourteenth Amendment.  A substantive due process

---

[2] Mr. Mahoney alleges no search or seizure by moving defendants as required for a Fourth Amendment claim.  *Maryland v. Macon*, 472 U.S. 463, 469 (1985).  None of the named defendants is a federal actor, as required for a Fifth Amendment due process claim.  *Bhatnager v. Meyer*, No. 22-2848, 2023 WL 5378834, at *2 (3d Cir. Aug. 22, 2023).  To the extent Mr. Mahoney raises due process claims, those are evaluated under the Fourteenth Amendment.  *Id.*  And Mr. Mahoney has not alleged that his injuries stemmed from punishment, or otherwise explained how the Eighth Amendment would apply in this case.  *Ingraham v. Wright*, 430 U.S. 651, 666-671 (1977).

claim under § 1983 requires (1) the deprivation of a right protected by the United States Constitution or federal law; and (2) that the violation was carried out by a person acting under color of state law. *Kneipp*, 95 F.3d at 1204.

Moving defendants argue that Mr. Mahoney did not allege the deprivation of a right protected by the United States Constitution or federal law. DI 14 at 11.[3] This is because Mr. Mahoney's allegations center on physical injuries caused by private actors — namely, that he was "negligently and carelessly confronted and assaulted while at Harriton during the walkout by other Harriton students, specifically by Defendants David Molod and Z.F." DI 11 ¶ 19. Mr. Mahoney's theory of liability against moving defendants is that they endorsed the event and failed to protect him from other students. *Id.* ¶¶ 19-24. But as moving defendants point out, a "[s]tate's failure to protect an individual from private violence generally does not amount to a violation of the Due Process Clause." *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 197 (1989). There are, however, two limited exceptions: the state created danger exception and the special relationship exception. *D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1369, 1373 (3d Cir. 1992).

We first address the state created danger exception. Mr. Mahoney's strongest allegation supporting a state created danger is that moving defendants "orchestrated, condoned, authorized, ratified and/or otherwise allowed a nationally recognized polarizing walkout event." DI 11 ¶ 16.[4] Based on this allegation, Mr. Mahoney argues that moving defendants "affirmatively

---

[3] Moving defendants concede state action. DI 14 at 11.

[4] We also note that this is one of only two allegations cited by Mr. Mahoney in his opposition to summary judgment on this point. DI 19 at 8.

created" the "school sponsored polarizing event," thereby giving rise to an affirmative duty to protect. DI 19 at 8. First, we note that Mr. Mahoney jumps from his allegation of "orchestrated, condoned, authorized, ratified and/or otherwise allowed" to "affirmatively created," which is a meaningful difference. *See Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint . . . [i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

But even if we credit Mr. Mahoney's brief and assume that moving defendants indeed "affirmatively created" the event at which Mr. Mahoney's injuries occurred, the state created danger exception likely does not apply. For one, a plaintiff must show that "a state actor acted with a degree of culpability that shocks the conscience." *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006). "[T]he Constitution does not guarantee due care on the part of state officials." *Schieber v. City of Phila.*, 320 F.3d 409, 417 (3d Cir. 2003). And "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). In other words, "[t]o generate liability, executive action must be so ill-conceived or malicious that it shocks the conscience." *Schieber*, 320 F.3d at 417 (quoting *Miller v. City of Phila.*, 174 F.3d 368, 375 (3d Cir. 1999)). Additionally, the harm caused must be "foreseeable and fairly direct." *Bright*, 443 F.3d at 281.

Mr. Mahoney does not point to any facts from which we could infer culpability that shocks the conscience, or that his injuries were foreseeable and fairly direct. The complaint merely states legal conclusions, including that the moving defendants were "deliberately indifferent" and disregarded an "unjustifiable risk of causing harm," but does not provide facts

6

tending to show that those standards were met.  DI 11 at 11.  The allegations suggest that moving defendants permitted a protest on a controversial, polarizing topic.  *Id.* at 5-6.  But they do not demonstrate that moving defendants' behavior was "so ill-conceived or malicious that it shocks the conscience," *Schieber,* 320 F.3d at 417, or explain why Mr. Mahoney's injuries were a foreseeable consequence of a polarizing protest, *Bright*, 443 F.3d at 281.  Perhaps the school could have done more to prevent harm, but like in *DeShaney*, "the most that can be said of the state functionaries in this case is that they stood by and did nothing when suspicious circumstances dictated a more active role for them."  489 U.S. at 203.

 Next, we turn to the special relationship exception.  Third Circuit law establishes that "no special relationship based upon a restraint of liberty exists" between a school and its students.  *Middle Bucks*, 972 F.2d at 1373.  This is because "the school defendants' authority over [students] during the school day cannot be said to create the type of physical custody necessary to bring it within the special relationship noted in *DeShaney*, particularly when their channels for outside communication were not totally closed."  *Id.* at 1372.  "[P]arents have primary responsibility to provide for the basic needs of their children" and, unlike prisoners and the involuntarily committed, "both school children and parents retain substantial freedom to act."  *Id.* at 1373 (internal quotations omitted).

 Mr. Mahoney responds to this binding authority by arguing that moving defendants "actively created and authorized the polarizing events," and claiming that one "cannot better point out that the school sponsored polarizing event . . . was affirmatively created by [moving defendants]," DI 19 at 7.  These arguments, while labeled as support for the special relationship exception, actually address the state created danger exception, discussed above.  Mr. Mahoney

7

does not demonstrate how moving defendants' purported sponsorship of the polarizing event either closed channels for outside communication or otherwise prevented Mr. Mahoney's "substantial freedom to act," as required for the special relationship exception to apply. *Middle Bucks*, 972 F.2d at 1372-73. "Although these acts allegedly took place during the school day," Mr. Mahoney did not allege that he was unable to "leave the school building" such that moving defendants had a duty to protect him from private harm. *Id.* at 1372. Accordingly, we grant moving defendants' motion to dismiss all claims against Harriton High School, Lower Merion School District, Mr. Weinstein, and Mr. Mumin.[5]

Finally, we find that any potential amendment by Mr. Mahoney of the claims against Harriton High School, Lower Merion School District, Mr. Weinstein, and Mr. Mumin would be futile. Mr. Mahoney already amended his complaint once in response to the first set of motions to dismiss, DI 11, including by the present moving defendants, DI 3. He added no new substantive allegations against the moving defendants. *Compare* DI 1 *with* DI 11; *see also* DI 14 at 7. Moreover, for the purpose of this motion, we assumed the strongest version of Mr. Mahoney's possible allegations and credited the arguments in his brief. For example, we assumed that that moving defendants "affirmatively created" the event at which Mr. Mahoney's injuries occurred despite that argument being raised in briefing rather than the complaint. Even in a best case scenario for Mr. Mahoney, his claims against the moving defendants would be legally insufficient. Accordingly, dismissal with prejudice is proper. *Shane v. Fauver*, 213 F.3d

---

[5] Because we find that Mr. Mahoney failed to state a claim under each theory of harm, we do not address whether the claims against Harriton High School, Mr. Weinstein, or Mr. Mumin, ought to be dismissed *specifically* due to Lower Merion School District being named as a defendant. *Compare* DI 14 at 9 *with* DI 19 at 6.

113, 117 (3d Cir. 2000).

### III. Conclusion

Our jurisdiction over this case stems from the federal question raised by Mr. Mahoney's claims against Harriton High School, Lower Merion School District, Mr. Weinstein, and Mr. Mumin.  28 U.S.C. § 1331.  Under 28 U.S.C § 1367(c), we "may decline to exercise supplemental jurisdiction" over claims based on supplemental jurisdiction if we dismiss "all claims over which [we had] original jurisdiction."  Having dismissed all federal claims, we decline to exercise supplemental jurisdiction over the remaining state law claims.  *Id.*  This case is remanded to the Court of Common Pleas of Montgomery County.